UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| NED WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:04-CR-134-TAV-HBG-1 |
| | ) | 3:13-CV-676-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's supplemented motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 81, 82, 87, 89].[1] The petition contains numerous grounds for relief, including one based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition to the original petition on January 14, 2014 [Doc. 85]; and Petitioner replied in turn on February 14, 2014 [Doc. 86]. Noting that Petitioner's entitlement to relief based on the *Johnson* decision hinged on that decision's impact in the Guideline context, the United States requested that the Court stay resolution of the supplemented petition pending *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *7 (U.S. March 6, 2017) [Doc. 91]. The Court agreed

---

[1] Petitioner filed an original pro se petition for collateral relief on November 12, 2013 [Docs. 81, 82]. On June 19, 2014, Federal Defender Services of Eastern Tennessee (FDSET) filed a supplement challenging Petitioner's career offender designation in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013) [Doc. 87]. On February 11, 2016, this Court appointed FDSET for the limited purpose of reviewing the case to determine whether or not Petitioner is eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Consistent with that appointment, FDSET filed a supplement challenging Petitioner's career offender designation in light of the *Johnson* decision [Doc. 89].

and stayed the action pending the *Beckles* decision on November 1, 2016 [Doc. 95]. For the reasons that follow, the instant action [E.D. Tenn. Case No. 3:13-cv-676] will be **UNSTAYED** and the supplemented § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE.**

I.  BACKGROUND

On January 5, 2005, Petitioner pled guilty to conspiring to distribute and posses with intent to distribute at least five hundred grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) [Doc. 37]. Petitioner faced an enhanced statutory penalty range of ten years' to life imprisonment under 21 U.S.C. § 841(b)(1)(B) because he had a prior Tennessee conviction for selling cocaine [Presentence Investigation Report (PSR) ¶ 50]. That same drug offense and a prior Tennessee conviction for aggravated assault caused the United States Probation Office to deem Petitioner a career offender under Section 4B1.1 of the United States Sentencing Guidelines with an advisory Guideline range of 267 to 327 months' imprisonment [*Id.* ¶¶ 27, 32, 37, 51]. This Court sentenced Petitioner to 226 months' imprisonment [Doc. 67]. Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence [Doc. 77]. The Supreme Court denied Petitioner's request for a writ for certiorari on October 22, 2007 [Doc. 80].

Over six years later—on November 12, 2013, Petitioner filed a pro se petition [Docs. 81, 82]. FDSET filed supplements based on *Descamps v. United States*, 133 S. Ct. 2276 (2013), on June 19, 2014 [Doc. 87], and the *Johnson* decision on June 13, 2016 [Doc. 89].

The petition contains seven grounds for relief: alleged insufficiencies in the indictment (Ground One) [Doc. 82 pp. 3–5]; entry of an unknowing and involuntary guilty plea (Ground Two) [*Id.* at 5–9]; ineffective assistance of counsel during the plea negotiation process (Ground Three) [*Id.* at 9–12]; representation by counsel with an unspecified conflict of interest (Ground Four) [*Id.* at 12–13]; improper enhancement in violation of *Alleyne v. United States*, 133 S. Ct.

2276 (2013) (Ground Five) [*Id.* at 13–20]; improper designation as a career offender in light of the *Descamps* decision (Ground Six) [*Id.* at 20–22; Doc. 87]; and improper designation as a career offender in light of the *Johnson* decision (Ground Seven) [Doc. 89].

## II. TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. i.e., he has not established that any illegal action by the government prevented him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. As such, timeliness of the petition and later amendments depend on whether their submission complied with subsections (f)(1) and (f)(3).

3

## A. Timeliness of Supplemented Petition Under Subsections (f)(1) and (f)(3)

For purposes of the subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—a "conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Where a defendant pursues direct review through to a petition for certiorari in the United States Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. *Clay v. United States*, 537 U.S. 522, 532 (2003). The Supreme Court denied Petitioner's request for a writ of certiorari on October 22, 2015 and statute of limitations began to run on that date. The window for requesting relief under subsection (f)(1) expired on October 22, 2008, five and a half years before Petitioner submitted his pro se petition for collateral relief [Docs. 81, 82], six and a half years before FDSET filed a supplement based on the *Descamps* decision [Doc. 87], and nine years before FDSET filed a supplement based on the *Johnson* decision [Doc. 89].

To the extent Petitioner attempts to rely on subsection (f)(3)'s independent one-year filing period for newly-recognized rights made retroactively applicable on collateral review as justification for submitting his grounds for relief after October 22, 2008, only the claim for collateral relief based on the *Johnson* decision even arguably satisfies the conditions required to trigger that provision. *See* 28 U.S.C. § 2255(f)(3) (requiring reliance on a newly recognized and retroactively applicable right); *see also Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on

4

collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). By contrast, the other grounds for relief do not assert newly recognized rights and thus cannot rely on the one-year filing window under subsection (f)(3).[2] As a result, timeliness of the six non-*Johnson* claims depends on whether or not subsection (f)(1) was tolled.

## B. Equitable Tolling of Subsection (f)(1)

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies

---

[2] Subsection (f)(3) provides an independent one-year window in which a petitioner can request collateral relief based on newly-recognized rights made retroactively applicable on collateral review. 28 U.S.C. § 2255(f)(3). In other words, to trigger the renewed limitations period, the ground for relief must be based on (1) a right newly recognized by the Supreme Court and (2) made retroactively applicable by that same institution.

Because Petitioner has failed to demonstrate that the *Descamps* decision satisfies the first prong, the Court need not determine whether it satisfies the second. The *Descamps* decision involved application of the categorical approach first adopted by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), to a new set of facts. *See Descamps*, 133 S. Ct. at 2283 ("Our case law explaining the categorical approach and its 'modified' counterpart all but resolved this case."); *id* at 2285 ("Applied in that way—which is the only way we have ever allowed—the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute."). As such, the holding of that case cannot be characterized as articulating a "rights-creating rule," i.e., a newly recognized right within the scope of § 2255(f)(3). *See, e.g.*, *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014) (finding that "the *Descamps* decision did not recognize a new right" and concluding that the petitioner's § 2255 motion—which was filed within one year of *Descamps*, but over one year after the petitioner's conviction became final—was untimely").

It is similarly well established that the *Alleyne* decision—which the Supreme Court decided nearly a decade after Petitioner received his sentence, does not apply retroactively on collateral review. *See In Re Mazzio*, 756 F.3d 487, 488 (6th Cir. 2014) ("[A]ny new rule announced in *Alleyne* has not been made retroactive to cases on collateral review by the Supreme Court.")

5

to her case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Nowhere in the pro se petition, supplements or CM/ECF record does Petitioner provide any justification for his failure to submit Grounds One, Two, Three, Four, Five, or Six within the one-year window permitted by subsection (f)(1). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). As a result of the foregoing, all grounds for relief except for the *Johnson*-based ground will be denied as untimely.

### III. ANALYSIS OF REMAINING GROUND

#### A. Standard Review

To obtain relief under 28 U.S.C. § 2255, Petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). She "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete

miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### B. Propriety of Career Offender Enhancement

The petition contains a single timely ground for collateral relief, arguing that the *Johnson* decision removed Tennessee aggravated assault from Section 4B1.2's definition of "crime of violence" and that, without that conviction, Petitioner lacks sufficient predicate offenses for enhancement [Doc. 89].[3] On March 6, 2016, the Supreme Court held that the United States Sentencing Guidelines are "not amendable to vagueness challenges." *Beckles*, 2017 WL 855781, at *7. As a result, the *Johnson* decision does not provide a basis for vacating, setting aside, or correcting Petitioner's sentence. Because Petitioner remains a career offender, the petition fails.

## IV. CONCLUSION

For the reasons discussed above, the instant action [E.D. Tenn. Case No. 3:13-cv-676] will be **UNSTAYED** and Petitioner's supplemented § 2255 motion [Docs. 81, 82, 87, 89] will be

---

[3] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

7

**DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE